**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| W.E. ANDREWS CO., INC., a Georgia Corporation, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>PLASTIC DEVELOPMENT, INC., )<br>a Rhode Island Corporation, )<br>)<br>Defendant. ) | No. 302-CV-00599 (CFD) |

**AMENDED JOINT TRIAL MEMORANDUM**

The Plaintiff, W.E. Andrews Co., Inc. ("ANDREWS") and the Defendant, Plastic Development, Inc. ("PDI") hereby submit this amended memorandum in compliance with the Court's Trail Memorandum Order and in anticipation of the trial of this action.

1) **TRIAL COUNSEL**

   **For Plaintiff:**

   Jeffrey L. Widman
   Shaw Gussis Fishman Glantz Wolfson & Towbin LLC
   321 N. Clark St., Suite 800
   Chicago, IL 60610
   Telephone: (312) 541-0151
   Facsimile: (312) 980-3888
   jlwidman@shawgussis.com

   **For Defendant:**

   Neil F. Murphy, Jr., ct08381
   Murphy, Laudati & Kiel, P.C.
   270 Farmington Avenue, Suite 360
   Farmington, CT 06032
   Telephone: (860) 674-8296
   Facsimile: (860) 674-0850
   nmurphy.mlk@sbcglobal.net

Margaret Forgarty Rattigan, ct 09616
Murphy, Laudati & Kiel, P.C.
270 Farmington Avenue, Ste. 360
Farmington, CT 06032
Telephone: (860) 674-8296
Facsimile: (860) 674-0850
margaretrattigan@sbcglobal.net

John L. Laudati, ct 00043
Murphy, Laudati & Kiel, P.C.
270 Farmington Avenue, Ste. 360
Farmington, CT 06032
Telephone: (860) 674-8296
Facsimile: (860) 674-0850
jlaudati.mlk@sbcglobal.net

**2)** **JURISDICTION**

The parties agree that this Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 because of the diversity of citizenship between Andrews and PDI and because the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

**3)** **JURY/NON-JURY**

The case was claimed to a jury by the defendant.

**4)** **NATURE OF THE CASE**

**Andrews's Claims**

Andrews has filed a two count complaint against PDI for breach of contract and goods sold and delivered resulting from PDI's failure to pay Andrews for Press Strips that Andrews manufactured, sold and delivered to PDI pursuant to the parties' contract. Andrews is entitled to recover on these claims because PDI accepted the goods and, thus must pay Andrews for those goods at the contract rate. Sun Hill Industries, Inc. v. Kraftsman Group, Inc., 27 Conn.App. 688, 694 (Conn. App. 1992)( "The buyer's acceptance of goods, despite their alleged nonconformity, is a watershed. After acceptance, the buyer must pay for the goods at the contract rate."); General Statutes §42a-2-607(1).

Andrews is also entitled to recover under its claim for prejudgment interest at a rate of 10% per annum pursuant to General Statutes §37-3a.

As to PDI's counterclaim, Andrews contends that PDI is not entitled to recover on its claims for breach of contract or breach of express and implied warranties because the Press Strips were not defective. Moreover, Andrews contends that, even if the Press Strips were nonconforming, PDI is not entitled to recover on these claims because it did not give proper notice of a particular nonconformity as required by §42a-2-607, which Andrews contends is a prerequisite to any recovery by PDI.

### **PDI's Claims**

PDI has agreed that a contract existed between the parties, on which it owes Andrews payment in the amount of $127,537.28. PDI has also filed a five count counterclaim in which it claims that PDI and Andrews entered into a contract which provided that Andrews would supply PDI with press strips and warranted all finished strips against defects. Furthermore, each party has pled that PDI's Purchase Order #36752 dated May 23, 2000, constituted an acceptance of the December 17, 1999 quotation offer from Andrews. Notwithstanding, Andrews provided PDI with defective press sheet strips, which defects consisted of scratches and mars which were the types of defects that Andrews had warranted against, which defects caused the inserts to be rejected by the U.S. Mint. Andrews was in breach of its contractual obligations to PDI by providing such nonconforming goods.

In count one of its counterclaim, PDI claims a breach of contract and has relied in part upon Stelco Industries, Inc. v. Cohen, 182 Conn. 561, 565 (1980) (delivery of nonconforming goods constitutes a breach of contract).

In count two of its counterclaim, PDI claims a breach of express warranty and has relied in part upon Web Press Services Corp. v. New London Motors, 203 Conn. 342, 351 (1987), Vezina v. Nautilus Pools, Inc., 27 Conn. App. 810, 816 (1992), Conn Gen. Stat. §42a-2-313(b) provides that an express warranty is created by "[a]ny description of the goods which is made part of the basis of the bargain creates an express warranty that the goods conform to the description."

In count three of its counterclaim, PDI claims a breach of implied warranty of fitness for use and has relied upon Omega Engineering, Inc. v. Eastman Kodak Co., 30 F.Supp2d 226, 249-50 (D.Conn. 1998), ("Where the seller at the time of contracting has reason to know any particular purpose for which the goods are required and that the buyer is relying on the seller's skills or judgment to select or furnish suitable goods, there is unless excluded or modified under section 42a-2-316 an implied warranty that the goods shall be fit for such purpose.") Conn Gen. Stat. §42a-2-315.

In count four of its counterclaim, PDI claims a breach of implied warranty of merchantability and has relied upon Omega Engineering, Inc. v. Eastman Kodak Co., 30

F.Supp2d 226, 249-50 (D.Conn. 1998), Standard Structural Steel v. Bethlehem Steel Corp., 597 F.Supp. 164, 187 (D.Conn. 1984), Conn Gen. Stat. §42a-2-314 sets forth the implied warranty of merchantability, which is implied in any sale of goods by a merchant seller.

In count five of its counterclaim, PDI claims a setoff and has relied upon Conn Gen. Stat. §42a-2-717 ("The buyer on notifying the seller of his intention to do so may deduct all or any part of the damages resulting from any breach of the contract from any part of the price still due under the same contract.")

PDI seeks relief in the form of compensatory damages, including but not limited to, incidental and consequential damages.

### 5 a)   STIPULATION OF UNCONTROVERTED FACTS

1.   At all times relevant, Andrews was and is a Georgia corporation, with its principal place of business in Connecticut.

2.   Andrews is engaged in the business of providing print management services to major corporations in the areas of commercial print, business forms, labels and direct response.

3.   At all times relevant, Plastic Development, Inc. ("PDI") was and is a Rhode Island corporation doing business in Connecticut.

4.   On December 17, 1999, at PDI's request, Andrews sent quotation #615615 (the "Quotation") to PDI, in which Andrews provided PDI with pricing for the printing and delivery of press sheet strips (the "Press Strips") to be die cut and assembled by PDI into displays for coin sets for the United States Mint (the "Mint").

5.   On May 23, 2000, PDI issued purchase order #36752 for the Press Strips, which references the Quotation.

6.   The December 17, 1999 quotation by Andrews constituted an offer which was accepted by PDI's May 23, 2000 purchase order thereby forming a contract between the parties.

7.   On various dates in June and July 2000, Andrews shipped an aggregate of 4 million press sheet strips to Pawtucket, Rhode Island, and PDI accepted, inspected and used the strips to create inserts.

8. Subsequently, in June, July and August, 2000, PDI shipped to the U.S. Mint in San Francisco approximately 1,959,100 inserts.

9. On July 29, 2000 and July 31, 2000, Andrews invoiced PDI, which invoices have not been paid by PDI.

10. PDI billed the U.S. Mint $904,186.00 for which the U.S. Mint paid PDI $794,802.00 for those inserts accepted prior to August 30, 2000.

11. PDI owes Andrews payment in the amount of $127,537.28.

### 5 b)      STIPULATION OF UNCONTROVERTED LAW

The parties agree that the contract and litigation is governed by common law breach of contract and the Uniform Commercial Code as codified in Conn. Gen. Stat. §42a-1-101 et seq., and as supplemented by general principles of law Conn. Gen. Stat. §42a-1-103. Particular relevant sections include Conn Gen. Stat. §42a-2-607, Conn. Gen. Stat. §42a-2-714, Conn Gen. Stat. §42a-2-314, Conn. Gen. Stat. §42a-2-315, and Conn Gen. Stat. §42a-2-316.

### 6)      ANDREWS's CONTENTIONS

The Complaint seeks recovery from PDI for $131,028.46, broken down as follows: $119,280.00 for the Press Strips, $1,191.93 for shipping on the Press Strips, $6,204.28 for the Press Proofs, $2,053.00 for a change of specifications on the Press Proofs, and $1,759.25 for freight on the Press Proofs, plus interest (1-½% per month) and attorneys' fees, pursuant to the Contract. Discovery has revealed that Andrews's claims with respect to freight, attorneys' fees and contractual interest are unsupported and, therefore, Andrews does not seek said amounts at trial. Andrews will amend its Complaint to withdraw those claims if the Court deems it necessary.

Andrews contends that the facts at trial will show that Andrews produced and shipped Press Strips without incident to PDI that conformed to the requirements of the contract, that PDI accepted and used the Press Strips in the ordinary course of its business, that PDI did not provide notice to Andrews of the latent defect alleged by PDI to exist in the coating, and that any damage caused to the Press Strip in transit from PDI to the U.S. Mint was due solely to faulty packaging by PDI.

7) **PDI's CONTENTIONS**

PDI contends that under the terms of the contract Andrews's had warranted its product to be free from all defects. "Defects include but not limited to scratched, hickeys, color variations outside of approved LSD standard, out of registration print, off-setting within field of insert, and shadowing." Additionally, PDI contends that it had apprised Andrews of the rigid specifications of the U.S. Mint and, that both PDI and Andrews could profit from providing inserts to the U.S. Mint through the year 2008 and evidence may show that they could have been extended through the year 2009.

While the initial shipments of inserts met the Mint's rejection criteria, the August 2000 shipments arrived at the Mint with a significant number of visible scratches and surface blemishes, which were precisely the type of defect against which Andrews has warranted its product.

In its five count counterclaim, PDI seeks consequential and incidental damages including lost profit in excess of 8.3 million dollars with a setoff of any monies Andrews is found to be entitled to under its complaint.

8) **LEGAL ISSUES**

Generally the parties agree that legal issues include interpretation of the pertinent sections of the Uniform Commercial Code as codified in the Conn. Gen. Stat. §42a-1-101 et seq., and as supplemented by general principles of law Conn. Gen. Stat. §42a-1-103 and case law relevant to those sections.

Specifically the parties anticipate issues to include acceptance, revocation of acceptance, expressed and implied warranties, and whether PDI's notice of the breach was proper and in a timely fashion.

The parties also anticipate issues with regard to the measure of damages on the counterclaim.

The parties continue to have several distinct disagreements as to the interpretation of Sun Hill Industries, Inc. V. Kraftsman Group, Inc. supra.

9) **PROPOSED VOIR DIRE QUESTIONS**

Andrews's proposed voir dire questions are attached as JTM Attachment No. 1. PDI's proposed voir dire questions are attached as JTM Attachment No.2.

10) **LIST OF WITNESSES**

Names and addresses of each witness to be called at trial, except rebuttal and impeachment witnesses, and a brief summary of anticipated testimony:

**Andrews's Witnesses:**

John Vesia, 116 Wall Street, Hebron, CT 06248

Andrews anticipates that Mr. Vesia will testify as to the terms of the contract, Andrews' manufacturing process of the Press Strips, the method in which the coating was applied, Andrews' overall performance of the contract, PDI's notice to Andrews' regarding the Mint's cancellation of its contract with PDI, the cooperative efforts of Andrews and PDI in determining the cause of the scratches to the coin holders and PDI's requests for Andrews' assistance in making claims against Andrews' insurance carrier.

Bill Sybalsky, c/o W.E. Andrews Co., Inc., 151 Redstone Road, Manchester, CT

Andrews anticipates that Mr. Sybalsky will testify as to the terms of the contract between Andrews and PDI and Andrews' performance thereunder.

Normand Thibaudeau, 219 Central Ave., North Providence, R.I. 02904

Andrews anticipates that Mr. Thibaudeau will testify as an adverse witness regarding Andrews' performance under the contract, PDI's relationship with the U.S. Mint, the cooperative efforts of Andrews and PDI in determining the cause of the scratches to the coin holders and PDI's requests for Andrews' assistance in making claims against Andrews' insurance carrier.

Timothy Pigden c/o Kelstar International, 1050 Taylors Lane, Cinnaminson, NJ 08077

Andrews anticipates that Mr. Pigden will testify as to Kelstar's specifications for coat weight and application of the aqueous coating at issue. Mr. Pigden may also testify as to Andrews' coating process.

Jeff Jacobs c/o Kelstar International, 1050 Taylors Lane, Cinnaminson, NJ 08077

Mr. Jacobs is expected to testify as to Kelstar's specifications for coat weight and application of the aqueous coating at issue.

<u>Sam Savage c/o U.S. Mint, 801 9th Street, N.W., Washington, D.C. 20220</u>

Mr. Savage is expected to testify regarding the U.S. Mint's state quarter program and the amount of coin holders that the Mint has and expects to order in the future.

<u>Robert Campbell c/o U.S. Mint, 801 9th Street, N.W., Washington, D.C. 20220</u>

Mr. Campbell is expected to testify regarding the U.S. Mint's state quarter program and the amount of coin holders that the Mint has and expects to order in the future.

<u>Nancy Plowman, 30-32 Ray Ave., Burlington, MA 01890</u>

Ms. Plowman is Andrews's expert witness on the issue of transit markings. She is expected to testify on rebuttal that the opinions reached by PDI's expert witnesses, Neal Kelly and Mary McCann are unreliable, inaccurate and not based on generally accepted methods. Ms. Plowman will further testify that the transit markings which were present on some of the completed coin holders upon arrival at the U.S. Mint resulted from the poor packaging job by PDI. Ms. Plowman's curriculum vitae is attached as JTM Attachment No. 3.

Andrews reserves the right to call and examine those witness proposed by PDI during Andrews's case-in-chief and/or rebuttal.

**PDI's Witnesses:**

<u>Normand Thibaudeau, Executive Vice President., Plastic Development, Inc., 21 Sabin Street, Pawtucket, RI 02904</u>

Mr. Thibaudeau, as Executive Vice President of PDI, will testify that he was involved in all aspects of providing coin inserts to the U.S. Mint including planning, engineering, production, purchasing and marketing. He will testify that after extensive research, he located Andrews and inquired about their ability to print on styrene, in order to prepare the top and bottom printed protective layers of the inserts. Mr. Thibaudeau will testify, that after assurances by Andrews that they could perform the job, the parties entered into a contract, which contract consisted of a one (1) page quotation dated December 17, 1999, provided by Andrews, which constituted the offer and PDI's purchase order dated May 23, 2000, constituted acceptance. The contract specifically provided that Andrews's product would be free and clear from scratches, hickeys, and mars. Mr. Thibaudeau will testify that product which was not visibly defective was

processed by PDI in order to make the inserts in a process was identical to the successful process of 1999. He will testify that the inserts appeared to be fine when shipped from PDI and that mirror smudges and blemishes were discovered at the U.S. Mint in San Francisco. He will testify that he brought back defective product from the U.S. Mint in San Francisco and the next day showed the defective product to John Vesia. He will testify that his attempts to rectify the problem and salvage the contract with the U.S. Mint were unsuccessful and that after PDI was sued by Andrews, he located and retained an expert whose efforts uncovered the precise cause of the defect and led to PDI's claim of breach of contract by Andrews. He will also testify that PDI retained an accountant and economist to calculate the extent of the damages sustained by PDI as a result of the breach by Andrews based upon data that he and other individuals within PDI provided those experts.

Robert Campbell, c/o U.S. Mint, 801 9th Street, N.W., Washington, D.C. 20220

Mr. Campbell, will testify with respect to the following general subject areas: his personal history, his knowledge of the U.S. Mint's state quarter program, his knowledge of the contracts between the U.S. Mint and PDI, and his knowledge of the orders placed by the U.S. Mint to the two vendors, including the vendor that replaced PDI and the number of coin inserts ordered in the years 1999 - 2004 and expectations of future orders by the U.S. Mint. He will testify that had there not been a problem with the product, PDI could have reasonably expected to continue as a vendor through the life of the project.

Sam Savage, c/o U.S. Mint, 801 9th Street, N.W., Washington, D.C. 20220

Mr. Savage, Chief Procurement Officer, will testify with respect to the following general subject areas: his personal history, his knowledge of the U.S. Mint's state quarter program, his knowledge of the contract between the U.S. Mint and PDI, and his knowledge of the orders placed by the U.S. Mint to the two vendors, including the vendor that replaced PDI, and the amount of the coin inserts that the U.S. Mint as and expects to order in the future. He will also testify that he was the only contact person at the U.S. Mint that directly communicated with Normand Thibaudeau and John Vesia during the research and development between PDI and Andrews. He will testify that had there not been a problem with the product, PDI could have reasonable expected to continue as a vendor through the life of the project.

Neal F. Kelly, Consultant, 42 Independence Drive, Woburn, MA 01801

Mr. Kelly is PDI's expert witness on the issues of chemistry, adhesive and coatings. He will testify with respect to the following general subject areas: his personal history, his review, investigation, testing and observations made while analyzing the surface coating defects on the coin inserts, as well as the insufficient quality control performed by the Andrews. He will also testify on rebuttal opinion reached by the Andrews's expert witness, Nancy Plowman. He will

be testify that Nancy Plowman's testing methods unacceptable, inaccurate and unreliable. Mr. Kelly's curriculum vitae is attached hereto as JTM Attachment No. 4.

<u>Mary A. McCann, Microscopist, 161 Clafin Street, Belmont, MA 02478</u>

Ms. McCann is PDI's expert witness on the issue of microscopy. She will testify with respect to the following general subject areas: her personal history, her review, testing and observations made with regard to the surface coating defects on the coin inserts including photographs of them. She will also rebut the opinion of Ms. Plowman in the area of microscopy. She has photographed the defects and will testify as to what the microscopic photographs depict. Ms. McCann's curriculum vitae is attached hereto as JTM Attachment No. 5.

<u>Theresa Renner, CPA, CVA, Magdefrau, Renner & Ciaffaglione, LLC, 70 Keynote Drive, Vernon, CT 06066</u>

Ms. Renner is PDI's expert in the area of accounting. She will testify with respect to the following general subject areas: her personal history, and her knowledge, training and professional experience as a certified public accountant and certified valuation analyst. Ms. Renner will also testify with regard to the following subject areas: the damages sustained by PDI, including the profit lost from the value of the Mint contract which opinion was based in part on a review of the overall operations of PDI and its financial records and after collaborating with Mr. Derek Johnson, an economist, she agreed upon a final figure based upon discount rates and interest rates. Ms. Renner's curriculum vitae is attached hereto as JTM Attachment No. 6.

<u>Derek M. Johnson, Economist, University of Connecticut, 341 Mansfield, Road, Storrs, CT</u>

Mr. Johnson is PDI's expert in the area of economy. He will testify with respect to the following general subject areas: his personal history, and his knowledge, training and professional experience as an economist. Mr. Johnson will testify with regard to the following subject areas: the damages sustained by the PDI, including the profit lost from the value of the Mint contract and as to the appropriate interest rate and discount rate on said profits based upon his review of PDI's financial information and calculations of lost profits claimed by PDI. Mr. Johnson's curriculum vitae is attached at JTM Attachment 7.

PDI reserves the right to call and examine those witnesses proposed by the Andrews during PDI's case-in-chief and/or rebuttal.

**11.**    **EXHIBITS**

Andrews's List of Exhibits is attached as JTM Attachment 8. PDI's List of Exhibits is attached as JTM Attachment 9.

The parties agree that the actual number of red and blue inserts which have been ordered by the U.S. Mint are the best evidence, and, as such, will substitute exhibits which contain quantities that are current through the date of trial. The parties agree that when Mssrs. Campbell and Savage testify they will introduce the most current figures through that point in time. Furthermore, PDI reserves the right to provide up to date exhibits reflecting figures in the testimony of Theresa Renner and Derek Johnson.

Both parties also reserve the right to use at trial any exhibit designated by the Andrews or the PDI in their disclosures. In addition, consistent with the Joint Trial Memorandum Order, the both parties reserve the right to use such additional exhibits, witnesses or evidence as may be necessary for rebuttal or impeachment.

**12)**    **DEPOSITION TESTIMONY**

**Andrews's Position**

Andrews anticipates that two witness, Timothy Pigden and Jeff Jacobs, may be testifying on its behalf by deposition.

**PDI's Position**

PDI does not anticipate the need for testimony by deposition and intends to call at trial those witnesses referenced in no. 10 above. Moreover, either side may call at trial Mssrs. Timothy Pigden and Jeff Jacobs.

A trial date has been set for September 15, 2004, and as of the date of the filing of this motion, either party may find it necessary to depose witnesses in lieu of trial testimony if they are unable to determine his or her respective availability to attend the trial.

**13)**    **JURY INSTRUCTIONS AND VERDICT FORMS**

The parties have attached proposed joint jury instructions as JTM Attachment 10. It is the parties objective to agree on a merger of their respective verdict forms and special interrogatories. They anticipate an agreement which will address the issue of the plaintiff's entitlement of interest on the Complaint and if interest is awarded, the parties agree that the amount should be computed by the Court. Furthermore, the principal of $127,537.28, with

interest, or no interest thereon. should be taken into account on the instruction dealing with set-off.

### 14) ANTICIPATED EVIDENTIARY PROBLEMS

#### Andrews's Position

Andrews attaches motions *in limine* to bar the testimony of PDI's experts, Mary McCann (JTM Attachment 12), Neal Kelly (JTM Attachment 13), Theresa Renner (JTM Attachment 14) and Derek Johnson (JTM Attachment 15). Andrews also attaches a motion *in limine* to bar any evidence of certain future lost profits (JTM Attachment 16).

#### PDI's Position

PDI attaches a motion *in limine* to bar the testimony of Andrews's expert, Nancy Plowman. (JTM Attachment 17.)

### 15) PROPOSED FINDINGS AND CONCLUSIONS

Not applicable.

### 16) TRIAL TIME

Andrews estimates 1 day for its case; PDI estimates 4 days for its case, for an estimated total of 5 days.

### 17) FURTHER PROCEEDINGS

The parties do not anticipate further proceedings prior to trial other than rulings on issues raised in or arising out of this Trial Memorandum.

### 18) ELECTION FOR TRIAL BY MAGISTRATE

The parties do not agree to trial by magistrate judge.

### 19) STATEMENTS IN LIEU OF OPENING STATEMENTS

The parties submit a joint statement for the court as JTM Attachment 18. The parties understand that they will have the opportunity to address the jury with opening statements.

By: /s/ Jeffrey L. Widman
Jeffrey L. Widman
Shaw Gussis Fishman Glantz
Wolfson & Towbin LLC
321 N. Clark St., Suite 800
Chicago, IL 60610
Telephone: (312) 541-0151
Facsimile: (312) 980-3888
jlwidman@shawgussis.com

- ITS ATTORNEYS -

THE DEFENDANT
PLASTIC DEVELOPMENT, INC.

By: /s/ Neil F. Murphy, Jr.
Neil F. Murphy, Jr., ct08381
Murphy, Laudati & Kiel, P.C.
270 Farmington Avenue, Suite 360
Farmington, CT 06032
Telephone: (860) 674-8296
Facsimile: (860) 674-0850
nmurphy.mlk@sbcglobal.net

- ITS ATTORNEYS -