UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| W. E. ANDREWS CO., INC.,<br>     Plaintiff | :    CIVIL ACTION NO.<br>:    3:02 CV 599 (CFD) |
| VS. | : |
| PLASTIC DEVELOPMENT, INC.,<br>     Defendant | :<br>:    JUNE 7, 2004 |

## DEFENDANT'S AMENDED ANSWER

Pursuant to Fed.R.Civ.Pro. 8, the defendant, Plastic Development, Inc., hereby sets forth its amended answer the plaintiff's complaint.

## ANSWER

### Count One

1.   The defendant has insufficient knowledge upon which to form a response and, therefore, leaves the plaintiff to its proof.

2.   The defendant has insufficient knowledge upon which to form a response and, therefore, leaves the plaintiff to its proof.

3.   Admitted.

4.   The defendant has insufficient knowledge upon which to form a response and, therefore, leaves the plaintiff to its proof.

5.   The defendant has insufficient knowledge upon which to form a response and, therefore, leaves the plaintiff to its proof.

6.   The defendant has insufficient knowledge upon which to form a response and, therefore, leaves the plaintiff to its proof.

7. The defendant admits that, on December 17, 1999, the plaintiff sent to the defendant a fax, consisting of a cover sheet and one additional page, purporting to be quotation #615615. The defendant denies that the "terms and conditions" referred to in paragraph 7, or as attached to the plaintiff's complaint as Exhibit A, were provided to the defendant on December 17, 1999.

8. Denied.

9. The defendant admits that, on May 23, 2000, the defendant issued purchase order #36572 for certain products at the price quoted by the plaintiff in its fax of December 17, 1999. The defendant denies that it accepted the "Quotation" to the extent that such term is defined as including the page of "terms and conditions" referred to in paragraph 7, or as attached to the plaintiff's complaint as Exhibit A. The defendant further denies that it entered into the "Contract" to the extent that such term is defined as including the page of "terms and conditions" referred to in paragraph 7, or as attached to the plaintiff's complaint as Exhibit A.

10. The defendant has insufficient knowledge upon which to form a response and, therefore, leaves the plaintiff to its proof.

11. The defendant has insufficient knowledge upon which to form a response and, therefore, leaves the plaintiff to its proof.

12. So much of paragraph 12 as refers to the "Contract" is denied, as the defendant denies that it entered into the "Contract" to the extent that such term is defined as including the page of "terms and conditions" referred to in paragraph 7, or as attached to the plaintiff's complaint as Exhibit A. As to the remaining allegations of paragraph 12,

the defendant has insufficient knowledge upon which to form a response and, therefore, leaves the plaintiff to its proof.

13. So much of paragraph 13 as refers to the "Contract" is denied, as the defendant denies that it entered into the "Contract" to the extent that such term is defined as including the page of "terms and conditions" referred to in paragraph 7, or as attached to the plaintiff's complaint as Exhibit A. As to the remaining allegations of paragraph 13, the defendant has insufficient knowledge upon which to form a response and, therefore, leaves the plaintiff to its proof.

14. Denied.

15. Denied.

**Count Two**

1-15. The defendant hereby incorporates its answers to paragraphs 1-15 of Count One as responsive to paragraphs 1-15 of Count Two.

16. The defendant has insufficient knowledge upon which to form a response and, therefore, leaves the plaintiff to its proof.

17. As to the first sentence of paragraph 17, the defendant has insufficient knowledge upon which to form a response and, therefore, leaves the plaintiff to its proof. As to the second sentence of paragraph 17, it is denied.

18. The defendant has insufficient knowledge upon which to form a response and, therefore, leaves the plaintiff to its proof.

19. This allegation is denied as to the claim of entitlement to interest. As to the remaining allegations of paragraph 19, the defendant has insufficient knowledge upon which to form a response and, therefore, leaves the plaintiff to its proof.

DEFENDANT,
PLASTIC DEVELOPMENT, INC.

By_____
Neil F. Murphy, Jr., Esq.
Murphy, Laudati & Kiel, P.C.
270 Farmington Avenue
The Exchange-Suite 360
Farmington, CT 06032
(860) 674-8296
Federal Bar No. ct08381

## **CERTIFICATION**

I hereby certify that a copy of the foregoing was mailed via first-class mail, postage prepaid, on June 7, 2004, to all counsel of record, as set forth below:

William S. Fish, Jr., Esq.
Attorney Elizabeth K. Andrews
Tyler, Cooper & Alcorn, L.L.P.
P.O. Box 1936
205 Church Street
New Haven, CT 06509

James R. Byrne, Esq.
Tyler Cooper & Alcorn, LLP
185 Asylum Street
CityPlace – 35th Floor
Hartford, CT 06103-3488

Jeffrey L. Widman, Esq.
Shaw Gussis Fishman Glantz Wolfson & Towbin, L.L.C.
321 N. Clark Street, Ste. 800
Chicago, IL 60610

_____
Neil F. Murphy, Jr., Esq.