UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| W.E. ANDREWS CO., INC.,<br>a Georgia Corporation,<br><br>   Plaintiff,<br><br>v.<br><br>PLASTIC DEVELOPMENT, INC.,<br>a Rhode Island Corporation,<br><br>   Defendant. | No. 302-CV-00599 (CFD) |

## DEFENDANT'S MOTION *IN LIMINE* TO PRECLUDE
## THE OPINIONS OF NANCY PLOWMAN

Pursuant to Fed.R.Evid. 702 as interpreted by the United States Supreme Court in Daubert v. Merrell Dow Pharmaceuticals, Inc. 509 U.S. 579 (1993) and Kumho Tire Co., Ltd. V. Carmichael, 526 U.S. 137 (1999) the Defendant/Counter-Claim Plaintiff, Plastic Development, Inc. "PDI" hereby moves, *in limine*, for an order precluding the Plaintiff/Counter-Claim Defendant, W.E. Andrews Co., Inc. ("Andrews") from introducing evidence through its disclosed expert Ms. Nancy Plowman. The evidence at issue is intended to rebut PDI's experts, Mr. Neal Kelly and Ms. Mary McCann. However, it is PDI's position that Ms. Plowman is not qualified to criticize the expertise of Mr. Kelly and Ms. McCann. PDI also moves to preclude any testimony of Ms. Plowman as to the cause of the defects and any documents on which she relies since she lacks the necessary expertise to render an opinion and she has failed to conduct any requisite testing in order to render such an opinion.

In support of this motion PDI represents the following:

1.      Ms. Plowman was disclosed as an expert by Andrews. She rendered a preliminary opinion in June, 2003 and a final report on July 14, 2003. Ms. Plowman was deposed by PDI on July 24, 2003. According to her testimony at deposition and her curriculum vitae, Ms. Plowman purports to be an expert in graphic arts. Significantly, she is not an expert in the field of chemistry or microscopy. Notwithstanding this distinct lack of expertise, Ms. Plowman has seen fit to opine that packaging by PDI was the sole cause of the defects to the coin inserts, the central issue in dispute.

PDI will demonstrate that Ms. Plowman essentially misunderstood the purpose of the protective coating and, as such, her testimony and opinions are irrelevant. It appears that Ms. Plowman, from a graphic arts perspective, presumed that the purpose of the aqueous coating was to impede "blocking" which, in the printing industry, is a term used to describe a drying process of ink and coating. She also appears to have been interested only in the surface features and has ignored the subsurface characteristics of the coin inserts. Moreover, she conducted absolutely no tests on the coin inserts. PDI represents that the stated purpose under the contract between the parties was that the press sheet strips were to protect the coin inserts from scratches and marring. Ms. Plowman completely ignores this contractual purpose.

As to her criticism of Ms. McCann, Ms. Plowman acknowledged that she is not experienced in the field of microscopy and that her experience in viewing printing through a

2

microscope is limited. In fact, when Ms. Plowman requires services akin to those provided by Ms. McCann in her own day to day work, Ms. Plowman out sources those jobs. The microscope that Ms. Plowman uses is irrelevant to the work done by Ms. McCann because it lacks sufficient intensity. Ms. Plowman has demonstrated an obvious misunderstanding of the use of a light microscope in order to determine a material's characteristics. At the other extreme, her suggestion that a scanning electron microscope was an appropriate tool is another significant manifestation of her lack of expertise in that a scanning electron microspore would not depict with any form of clarity or color the information sought by Ms. McCann.

As to Mr. Kelly, Ms. Plowman is not an expert in chemistry, adhesive coating or quality control. Notwithstanding this fact, she has attempted to criticize Mr. Kelly's' methodology. Furthermore, she herself had never tested the product nor did she have the product tested by others. Her summary conclusions are unreliable and without proper foundation.

**CONCLUSION**

In order to be admissible, all expert testimony must be relevant and reliable. Fed. R. Evid. 702, Kumho Tire Co., Ltd. V. Carmichael, 526 U.S. 137, 147 (1999). Furthermore, the proponent of expert testimony has the burden of demonstrating that such expert testimony is in fact relevant and reliable. The opinions of Ms. Plowman are not grounded on sufficient facts or data nor are they the product of reliable principles and methods that are within her area of expertise. Accordingly, she should be barred from (a) rendering any opinions as to the opinions

3

of Mr. Neal Kelly and Ms. Mary McCann; and (b) proffering an opinion as to the source of the defect on the coin inserts.

WHEREFORE, the Defendant Counterclaim Plaintiff, PDI, request that the Court grant its Motion *in Limine* and

a)  bar Nancy Plowman from offering any opinions as to the reports, conclusions and testimony of Mr. Neal Kelly; and

b)  bar Nancy Plowman from offering any opinion as to the reports, conclusions and testimony of Ms. Mary McCann; and

c)  granting such other and further relief as the Court deems just and equitable.

Dated: April 19, 2004.

Respectfully submitted,

PLASTIC DEVELOPMENT, INC.

By_____
Neil F. Murphy, Jr.
Murphy, Laudati & Kiel, P.C.
270 Farmington Avenue, Suite 360
Farmington, CT 06032
Fed. Bar No. ct 08381
Phone: 860.674.8296
Facsimile: 860.674.0850