UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| W.E. ANDREWS CO., INC., a Georgia Corporation, <br><br> Plaintiff, <br><br> v. <br><br> PLASTIC DEVELOPMENT, INC., a Rhode Island Corporation, <br><br> Defendant. | ) ) ) ) ) ) ) No. 302-CV-00599 (CFD) ) ) ) ) ) |

**PLAINTIFF'S MOTION *IN LIMINE* TO EXCLUDE
THE OPINIONS OF MARY MCCANN**

Plaintiff, W.E. ANDREWS CO., INC ("Plaintiff"), moves this Court *in limine* to exclude certain testimony and opinions of Defendant's expert, Mary McCann. In support of its motion, Plaintiff states as follows:

**I.   Background**

1.   On May 14, 2003, Defendant produced the Report (Exhibit 'A') of its expert, Mary McCann ("McCann") and disclosed McCann as an expert pursuant to Fed. R. Civ. P. 26.

2.   On May 28, 2003, Plaintiff deposed McCann.

3.   In her Report and at her deposition (Exhibit 'B'), McCann offered certain opinions relating to the thickness of the coating on certain coin holder samples and the cause of any scratches on the coating.

4.   As shown below, these opinions should be barred.

**II.   Standard of Admissibility**

5.   In order to be admissible, all expert testimony must be relevant and reliable.

A0063990.WPD

Fed.R.Evid. 702; *Kumho Tire Co., Ltd. v. Carmichael,* 526 U.S. 137, 147 (1999).

6. The proponent of expert testimony has the burden of demonstrating by a preponderance of the evidence that the testimony satisfies the above elements. *Daubert v. Merrell Dow Pharmaceuticals, Inc.,* 509 U.S. 579, 592 n. 10 (1993).

7. Evidence is relevant if the testimony "ha[s] any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable that it would be without the evidence." *Amorgianos v. National R.R. Passenger Corp.,* 303 F.3d 256, 264 (2nd Cir. 2002). Thus, even reliable testimony may be barred if it does not meet the standard for relevance. *Daubert,* 509 U.S. at 597.

8. Conversely, even relevant testimony may be barred if it does not satisfy Rule 702's reliability analysis. *Amorgianos,* 303 F.3d at 267. In this inquiry, a district court should consider the indica of reliability identified in Rule 702, namely 1) that the testimony is grounded on sufficient facts or data; 2) that the testimony is the product of reliable principles and methods; and 3) that the witness has applied the principles and methods reliably to the facts of the case. *Id.* at 265, quoting Fed.R.Evid. 702.

9. For a court to determine whether an expert's testimony is reliable, the court must make a preliminary assessment of whether the reasoning or methodology underlying the testimony is valid. *Daubert v. Merrell Dow Pharmaceuticals, Inc.,* 509 U.S. 579, 592-93 (1993). The factors to make this determination include: 1) whether the theory or technique can be and has been tested; 2) whether the theory or technique has been subjected to peer review and publication; 3) a technique's known or potential rate of error and the existence and maintenance of standards controlling the technique's operation; and 4) whether a particular technique or theory has gained

general acceptance in the relevant scientific community. *Amorgianos*, 303 F.3d at 266, citing *Daubert*.

10. While the *Daubert* inquiry is a flexible one, it is critical that an expert's analysis be reliable at every step to warrant admissibility. *Id.* at 267. Thus, "*any* step that renders the analysis unreliable under the *Daubert factors renders the expert's testimony inadmissible.*" *Id.* quoting *In re Paoli R.R. Yard PCB Litig.*, 35 F.3d 717, 745 (3rd Cir. 1994).

### III. McCann's conclusion as to the cause of certain scratches is irrelevant

11. Although not disclosed in her Report, McCann opined at her deposition that the scratches she viewed on certain coin holders in 2002 resulted from "bumps in the surface of the base caused by the big particles included in the base rub against the other surface, the adjacent surface, and scratch it and build up a bit of scratch styrene on the adjacent surface or on itself." (McCann dep. at 92)

12. McCann's conclusion regarding the cause of the scratches is irrelevant because she conceded that she could not offer an opinion on whether the scratches were present in 2000. (McCann dep. at 150).

### III. McCann's conclusion as to the thickness of the coating is irrelevant

13. Similarly, McCann's calculations of the thickness of the coating are irrelevant. The purpose of McCann's testimony was to provide a basis for Neal Kelly's opinions regarding the adequacy of the coating - "my particular objective in this case was to determine the thickness of the overcoat". (McCann dep. at 49) Since Kelly's conclusions about the adequacy of the coating are based on the incorrect premise that the coating's suggested application was based on measuring the coating's thickness after it dried (See Plaintiff's Motion *In Limine* to Exclude the Opinions of Neal