UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| W.E. ANDREWS CO., INC., <br> a Georgia Corporation, <br><br> Plaintiff, <br><br> v. <br><br> PLASTIC DEVELOPMENT, INC., <br> a Rhode Island Corporation, <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) No. 302-CV-00599 (CFD) <br> ) <br> ) <br> ) <br> ) <br> ) |

## MOTION *IN LIMINE* TO EXCLUDE TESTIMONY OF CERTAIN LOST PROFITS

Plaintiff, W.E. Andrews Co., Inc., moves this Court *in limine* to enter an Order excluding testimony regarding defendant's lost profits from November, 2003 through 2009. In support of its Motion, Plaintiff respectfully states as follows:

1. Defendant has filed a Counterclaim against Plaintiff, alleging that Plaintiff breached its contract with Defendant and the various warranties associated with the contract as a result of Plaintiff delivering press strips that purportedly contained latent defects in the coating.

2. Defendant claims that, as a result of these breaches, Defendant has lost profits, not only under the contract it had with the U.S. Mint (the "Mint") at the time of the purported breach, but also lost profits under a contract Defendant entered into with the Mint after the purported breaches occurred.

3. In 1999, Defendant entered into a contract (the "Initial Contract") with the Mint pursuant to which the Mint purchased coin holders from Defendant. The Initial Contract's term was extended to September 30, 2000 (the modification to the Initial Contract is attached as Exhibit 'A'). In August, 2000, the Mint terminated the Initial Contract.

A0063631.WPD

4. On or about October 25, 2000, Defendant, Plastic Development, Inc., and the Mint entered into a subsequent contract, which expired in October, 2003 (the "Second Contract" attached as Exhibit 'B'). Pursuant to the Second Contract, Defendant was obligated to deliver to the Mint coin holders only in the event the Mint ordered any such holders from Defendant. The Second Contract did not require the Mint to purchase any minimum amount of coin holders from Defendant and the Mint never placed any such orders with Defendant. Moreover, neither the Initial Contract nor the Second Contract entitled Defendant to enter into any subsequent contracts with the Mint.

5. On May 29, 2003, Defendant produced the reports of its experts, Theresa Renner ("Renner") and Derek Johnson ("Johnson") and disclosed Renner and Johnson as experts pursuant to Fed. R. Civ. P. 26.

6. On June 26, 2003, Plaintiff deposed Renner and Johnson.

7. In both her report and at her deposition, Renner offered opinions on Defendant's past and future lost profits. Renner specifically testified that Defendant, not only lost profits associated with the Initial Contract, but the overwhelming majority of her calculations are based on lost profits under the Second Contract as well as for several years after the Second Contract expired. Thus, Renner's calculations of lost profits for 2000 through 2009 only contain 1 year of lost profits associated with the Initial Contract - 2000. Renner's calculations for 2001 through 2003 relate to the Second Contract and her calculations for 2004 through 2009 relate to a time in which Defendant had no contract with the Mint.

8. In both his report and at his deposition, Johnson offered opinions on the present value of Defendant's future lost profits from 2004 through 2009.

9. Renner and Johnson's anticipated testimony regarding lost profits after the expiration

of the Second Contract as well as after that period should be barred.

10. Lost profits are not recoverable if they are too speculative and remote. *Ross & Roberts, Inc. v. Cook's Industrial Lubricants, Inc.*, 1997 WL 835054 at *4 (D.Conn. 1997). Furthermore, it is well-established that a government contractor cannot recover anticipated profits from future contracts on a breach of contract claim where, as here, the contract between the parties does not entitle the contractor to future contracts. *Rumsfeld v. Freedom NY, Inc.*, 329 F.3d 1320 (Fed.Cir. 2003). In *Rumsfeld*, the Court of Appeals held that such profits were simply too "remote and uncertain" to be recoverable. *Id.*

11. In this case, while Defendant may be able to make a cognizable claim for lost profits related to the Second Contract, any damage claims after the expiration of the Second Contract are entirely speculative and remote. Neither the Initial Contract nor the Second Contract entitled Defendant to future contracts. Therefore, any claims for lost profits after the expiration of the Second Contract should be barred.

WHEREFORE, Plaintiff respectfully request that this Court bar Defendant from presenting any evidence regarding lost profits from November, 2003 through 2009.

Respectfully submitted,

W.E. ANDREWS CO., INC.

By: _____

Jeffrey L. Widman, ct24236
Shaw Gussis Fishman Glantz
  Wolfson & Towbin LLC
321 N. Clark, Suite 800
Chicago, IL 60610
Ph: (312) 541-0151
Fax: (312) 980-3888