UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| W.E. ANDREWS CO., INC. ) | |
| a Georgia Corporation, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO: 302-CV-00599 (CFD) |
| ) | |
| PLASTIC DEVELOPMENT, INC. )) | |
| a Rhode Island Corporation, ) | |
| ) | |
| Defendant. ) | |

AUGUST 31, 2004

### OBJECTION TO PLAINTIFF'S MOTION IN *LIMINE* TO EXCLUDE TESTIMONY OF MARY MCCANN

The Defendant, PLASTIC DEVELOPMENT, INC. ("PDI") objects to the Plaintiff, W.E. ANDREWS CO., INC.'s, ("ANDREWS") Motion in *Limine* to exclude testimony from its expert, Mary McCann. In support, of its objection the Defendant states the following.

### STANDARD OF REVIEW

In reviewing Motions In Limine based on the holding in *Daubert v. Merrill Dow Pharms*, 509 U.S. 579 (1993), "abuse of discretion is the proper standard by which to review district court's decision to admit or exclude scientific evidence". *General Electric Co. v. Joiner*, 522 U.S. 136, 146 (1997). Thus, it is well within the trial court's discretion to make such a ruling on proffered expert evidence and testimony. However,

> Trial judges must exercise sound discretion as gatekeepers of expert testimony under *Daubert*, [Plaintiff], however would elevate them to the role of St. Peter at the gates of heaven, performing a searching inquiry into the depth of an expert witnesses' soul – separating the saved from the damned. Such an inquiry would inexorably lead to evaluating witness credibility and weight of the evidence, the ageless role of the jury.

*McCullock v. H.B. Fuller Co.*, 61 F.3d 1038, 1045 ( 2nd Cir. 1995).

> Disputes as to the strength of his credential, faulted in his use of different etiology as a methodology, or a lack of textual authority for his opinions, go to the weight, not the admissibility, of his testimony. Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional appropriate means of attacking shaky but admissible evidence.

*Id.* at 1044, citing *Daubert*, 509 U.S., 579 at 596; and see, *Amorgianos v. AMTRACK*, 303 F.3d 256, 266-67 (2202); *Zuchowicz v. U.S*, 140 F.3d 381, 387 (2d.Cir 1998); and *Campbell v. Metro Prop. & Casualty Inc. Co.*, 239 F.3d 179, 186 ( 2d.Cir. 2001)(any gaps or inconsistencies in reasoning leading to expert's otherwise admissible opinion…went to weight of evidence, not to its admissibility).

Here, the Plaintiff seeks improperly to exclude the testimony of Ms. McCann based on the claim that she is unqualified to testify as to certain facts. Such position is without merit and not based on Ms. McCann's complete testimony as more fully discussed below.

## RELEVANT FACTS and ARGUMENT

Mary McCann was properly disclosed as an expert on, *inter alia*, micrscopy. Ms. McCann has a degree in Chemical Engineering and has studied materials science at MIT. She has particularly expertise in the area of micrscopy ( working with microscopes in evaluating and photographing material samples). Ms. McCann was deposed by the Plaintiff. The Plaintiff now seeks to exclude the testimony of Ms. McCann based on, *inter*

*alia*, the allegation that she is not qualified to offer opinion testimony on the property of the material sampled and at issue in this case. Such position ignores the myriad of expertise Ms. McCann has in the areas of material science and microscopy. Ms. McCann's profession as a microscopist requires her not only to observe material samples but to be able to interpret and describe what she has observed, including in this case the photographs she took of the materials at issue. A microscopist does not simply make photographs of a sample, she must be able to describe what she observes within the lens of her microscope.

The issues raised in the Plaintiff's Motion to exclude Ms. McCann's testimony are issues that go the credibility of the expert's testimony, her credentials and her ability to accurately testify about her observations and not as to the admissibility of it. These are issues squarely within the province of the jury.

WHEREFORE, the Defendant in the above entitled action respectfully requests that this Court grant its objection and allow the testimony of Mary McCann.

DEFENDANT,
PLASTIC DEVELOPMENT, INC.

_____
Neil F. Murphy, Jr., ct08381
Murphy, Laudati & Kiel, P.C.
270 Farmington Avenue, Ste. 360
Farmington, CT 06032
Telephone: (860) 674-8296
Facsimile: (860) 674-0850
nmurphy.mlk@sbcglobal.net

## CERTIFICATION

I hereby certify that a copy of the foregoing was mailed via regular mail on August 31, 2004, to all counsel of record, as set forth below:

William S. Fish, Jr., Esq.
Attorney Elizabeth K. Andrews
Matthew A. Sokol, Esq.
Tyler, Cooper & Alcorn, L.L.P.
P.O. Box 1936
205 Church Street
New Haven, CT 06509

James R. Byrne, Esq.
Tyler Cooper & Alcorn, LLP
185 Asylum Street
CityPlace – 35th Floor
Hartford, CT 06103-3488


Jeffrey L. Widman, Esq.
Shaw Gussis Fishman Glantz Wolfson & Towbin, L.L.C.
321 N. Clark Street, Ste. 800
Chicago, IL 60610

_____
Neil F. Murphy, Jr., Esq., ct08381