UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| W.E. ANDREWS CO., INC. | ) | |
| a Georgia Corporation, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO: 302-CV-00599 (CFD) |
| | ) | |
| PLASTIC DEVELOPMENT, INC. | ) | |
| a Rhode Island Corporation, | ) | |
| | ) | |
| Defendant. | ) | SEPTEMBER 24, 2004 |

## SUPPLEMENT TO DEFENDANT'S OBJECTION TO MOTION IN *LIMINE* TO EXCLUDE TESTIMONY ON LOST PROFITS

The Defendant, PLASTIC DEVELOPMENT, INC. ("PDI") hereby submits this supplemental memorandum in support of its Objection to the Plaintiff's Motion to preclude testimony as to certain portions of the Defendant's lost profits claim.

## ARGUMENT

In its motion and at oral argument on September 1, 2004, Andrews effectively conceded PDI's right to claim lost profits for the year 2000 and acknowledges PDI's right to make a cognizable claim for lost profits through 2003. In paragraph 11 Andrews states that PDI "might be able to make a cognizable claim for lost profits related to the Second Contract [through 2003]". Therefore, Andrews' Motion *in Limine* has been effectively reduced to the years 2004 through 2008, the last half of the United States Mint coin

1

project.[1]

In its objection, PDI attached deposition testimony from officials at the United States Mint and Andrews' representative, John Vesia, to support PDI's claim that (barring a breach of contract with the government) PDI had a reasonable business expectation to furnish the United States Mint with inserts for the entire ten years of the project, to wit: 1999 through 2008. At his deposition, Mr. Robert Campbell, Chief Financial Officer for the U.S. Mint, stated "Yes. We expected in 1999 to issue contracts with vendors who would remain vendors through the life of the 50 State Quarter Program." (Campbell dep. at p. 20, line 19-21). Also, Mr. Sam Savage, Contracting Officer's Technical Representative for the U.S. Mint, stated at his deposition that the life of the project was ten years, there were to be only two vendors and at the time of the project PDI was one of the two vendors. (Campbell dep. at p. 26, line 6-20). Finally, at his deposition when asked about the duration of the project Mr. Vesia, himself, stated "Ten years." (Vesia dep. at p. 40, line 2).

Andrews cites in support of its argument the case of *Rumsfeld v. Freedom NY, Inc.* 329 F.3d 1320 (Fed.Cir 2003) (copy attached), and specifically states in its Motion that this case stands for the proposition that "a government contractor cannot recover anticipated profits from future contracts on breach of contract claim where, as here, the contract does not entitle the contractor to future contracts" (Paragraph 10, page 3 of Plaintiff's Motion in Limine). Even a cursory review of the *Rumsfeld* decision reveals that the facts in that case are completely distinguishable from those presented here. It is

---

[1] At oral argument PDI advised this Court that as a result of a recent telephone conference with U.S. Mint officials, wherein Mint officials stated there was a change in policy, PDI would abandon its claim for lost profits as to the blue inserts and for the year 2009.

elementary to point out that the case at bar is based on a contract between Andrews and PDI. The United States government is not a party to this suit. Although the U.S. Mint contracts form the basis of the measure of damages sought by PDI, there is no claim that the U.S. Mint breached its agreements with PDI. Therefore, based on this fact alone Andrews argument fails.

Ironically, the *Rumsfeld* decision is applicable to support PDI's claim for lost profits and is consistent with the cases cited by PDI at oral argument including the case of *West Haven Sound Development Corporation v. City of West Haven* 201 Conn. 305, 514 A.2d 734 (copy attached). At page 1333 of its decision, the *Rumsfeld* Court noted that lost profits on future contracts <u>may be available</u> to government contractors who, through the wrongful conduct of the government, actually lose the opportunity of entering future contracts. Thus, in limited circumstances, even government contractors are not foreclosed from receiving damages for lost profits on future contracts, even when the future contracts never come to actual fruition.

WHEREFORE, the Defendant in the above entitled action respectfully requests that this Court deny Andrews' Motion in Limine to preclude evidence on certain lost profits.

DEFENDANT ,
PLASTIC DEVELOPMENT, INC.


_____
Neil F. Murphy, Jr., ct08381
Murphy, Laudati & Kiel, P.C.
270 Farmington Avenue, Ste. 360
Farmington, CT 06032
Telephone:  (860) 674-8296
Facsimile:   (860) 674-0850

## CERTIFICATION

      I hereby certify that a copy of the foregoing was mailed via regular mail on September 24, 2004, to all counsel of record, as set forth below:

William S. Fish, Jr., Esq.
Attorney Elizabeth K. Andrews
Matthew A. Sokol, Esq.
Tyler, Cooper & Alcorn, L.L.P.
P.O. Box 1936
205 Church Street
New Haven, CT  06509

James R. Byrne, Esq.
Tyler Cooper & Alcorn, LLP
185 Asylum Street
CityPlace – 35th Floor
Hartford, CT 06103-3488


Jeffrey L. Widman, Esq.
Shaw Gussis Fishman Glantz Wolfson & Towbin, L.L.C.
321 N. Clark Street, Ste. 800
Chicago, IL 60610


                                                                       _____
                                                         Neil F. Murphy, Jr., Esq., ct08381