## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| W.E. ANDREWS CO., INC.,<br>a Georgia Corporation, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 302-CV-00599 (CFD) |
| | ) | |
| PLASTIC DEVELOPMENT, INC.,<br>a Rhode Island Corporation, | ) | |
| | ) | |
| Defendant. | ) | |

### PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO CONDUCT ADDITIONAL DISCOVERY AND TO DISCLOSE ADDITIONAL EXPERT WITNESS

Plaintiff, W.E. Andrews Co., Inc. ("Andrews"), by its attorneys, pursuant to Fed.R.Civ.Pro. 6(b) and D.Conn. L. Civ. R. 7(b), moves this Court for an extension of time to conduct additional discovery and to disclose an additional expert witness. In support of its Motion, Andrews respectfully states as follows:

1.      On May 29, 2003, Plastic Development Inc. ("PDI") disclosed Theresa Renner ("Renner") as an expert witness and produced her report in which she opined on PDI's purported damages.

2.      On June 26, 2003, plaintiff deposed Renner, at which time Renner testified as to her opinion regarding the amount of lost profits PDI purportedly suffered as a result of Andrews' purported breach of contract.

3.      Discovery in this matter closed on July 5, 2003.

4.      This matter was originally set for trial on September 15, 2004.

5.      On September 1, 2004, this Court continued the trial date.

6.      On that date, the Court also heard oral argument on the parties' motions *in limine*.

7.     Prior to that hearing, Andrews had filed a motion to bar Renner's opinions as well as a motion to bar evidence of future lost profits.

8.     Immediately prior to the hearing, PDI advised Andrews that it would supplement Renner's opinions with a revised expert report containing different lost profits calculations. Based on oral representations that Renner's revised report greatly reduced PDI's damage claims, but having not seen the revised report, Andrews agreed to withdraw its motion to bar Renner without prejudice to its ability to re-argue the motion after seeing the revised report.

9.     At the hearing, Andrews' counsel also advised the Court that it wished to reserve its right to re-depose Renner and revisit the question of whether it would hire its own expert to rebut her new, more conservative, opinions and in the event that the Court were to deny Andrews' motion to bar evidence of future lost profits.[1]

10.     The Court advised counsel that it should file a motion to conduct additional discovery and disclose a rebuttal expert and referred the matter to a mediator in an effort to resolve the dispute.

11.     On October 14, 2004, approximately one month after the original trial date and over fifteen months after discovery closed, PDI produced the supplemental report of Renner, in which she drastically departed from her original opinions and lost profits calculations.

12.     In November, 2004, the parties attended a court ordered mediation conducted by the Honorable Raymond Green. Unfortunately, Judge Green's exhaustive efforts proved fruitless and the parties did not reach a settlement agreement.

13.     On February 25, 2005, Andrews filed a motion to bifurcate the trial into liability and damages phases, pursuant to Fed.R.Civ.P. 42(b).

_____

[1]Originally, Andrews did not retain an expert to rebut Renner's opinions, which it viewed as outrageous and in violation of *Daubert*.

14.    On March 3, 2005, PDI filed an objection to that motion, arguing, among other things, that PDI did not object to Andrews taking an additional deposition of Renner to address the opinions in her supplemental report. However, PDI has stated an objection to allowing Andrews additional time to disclose an expert to rebut Renner's opinions.

15.    On March 4, 2005, after hearing oral argument, the Court denied Andrews' motion to bifurcate. Accordingly, Andrews now requests additional time to conduct discovery related to Renner's supplemental report, including time to disclose the opinion of a rebuttal expert.

16.    An extension of time to conduct additional discovery is appropriate here for several reasons. First, in order to properly prepare for its defense of PDI's Counterclaim, Andrews needs to re-depose Renner with respect to her new opinions. Second, now that Renner has substantially revised her opinions, Andrews should be permitted to retain an expert to rebut her new opinions.

17.    PDI would not be prejudiced in any way by the granting of this motion. The Court has not yet set a new trial date, but has indicated that it will not occur prior to June, 2005 and potentially as late as October, 2005. Therefore, there is plenty of time to conduct this additional, limited discovery without prejudice to either party's ability to effectively prepare for trial.

18.    Conversely, denial of this motion would greatly prejudice Andrews. PDI would be permitted to offer opinions at trial that were not disclosed until some 15 months after the discovery deadline, while Andrews would simultaneously be denied the ability to re-depose Renner and be barred from rebutting those opinions with expert testimony. Surely, neither party anticipated such an inequitable result when they agreed to use the most recent lost profit calculations at trial. Consequently, Andrews requests additional time to conduct additional limited discovery to re-depose Renner, disclose the opinions of its own expert, and permit PDI to depose said expert. Andrews anticipates that all of this can be accomplished in the next 90 days and proposes that PDI produce

Renner for a continued deposition on or before April 8, 2005; that Andrews be given until May 6, 2005 to produce its rebuttal report; and that Andrews produce its rebuttal expert for deposition on or before May 27, 2005.

19.    PDI's counsel has told Andrews' counsel that PDI intends to object to this Motion.

20.    This is the first motion for extension of time that Andrews has filed concerning the discovery deadline.

WHEREFORE, Plaintiff respectfully requests that this Court enter an Order extending the time to conduct limited additional discovery relating to lost profits; requiring PDI to produce Theresa Renner for a continued deposition on or before April 8, 2005; granting Andrews leave to produce its rebuttal report on lost profits on or before May 6, 2005; and granting PDI leave to depose Andrews' rebuttal expert on or before May 27, 2005.

Respectfully submitted,

W.E. ANDREWS CO., INC.

By:    _____
James R. Byrne, ct14632
Tyler, Cooper & Alcorn, LLP
185 Asylum St.
CityPlace - 35th Floor
Hartford, CT 06103-3488
Telephone:    (860) 725-6200
Facsimile:    (860) 278-3802
Email: byrne@tylercooper.com

## CERTIFICATION OF SERVICE

I hereby certify that a copy of the foregoing was mailed, postage prepaid, this 11th day of March, 2005 to the following counsel of record, pro se parties of record, and/or individuals:

Neil F. Murphy, Jr.
Murphy, Laudati & Kiel, P.C.
The Exchange
270 Farmington Avenue, Suite 360
Farmington, CT   06032

Jeffrey L. Widman
Shaw, Gussis, Fishman, Glantz & Wolfson
1144 W. Fulton Street, Suite 200
Chicago, IL 60607

James R. Byrne