UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| W. E. ANDREWS CO., INC., | ) | CIVIL ACTION NO. |
|     Plaintiff/Counterclaim Defendant | ) | 3:02 CV 599 (CFD) |
| | ) | |
| v. | ) | |
| | ) | |
| PLASTIC DEVELOPMENT, INC., | ) | |
|     Defendant/Counterclaim Plaintiff | ) | MARCH 24, 2005 |

### OBJECTION TO W.E. ANDREWS CO., INC.'s MOTION FOR EXTENSION OF TIME TO CONDUCT ADDITIONAL DISCOVERY AND TO DISCLOSE ADDITIONAL WITNESS

The Defendant, PLASTIC DEVELOPMENT, INC. ("PDI") hereby objects to the Plaintiff, W.E. ANDREWS CO., INC.'s ("ANDREWS") Motion for Extension of Time to Conduct Additional Discovery and to Disclose Additional Expert Witness.

In its Motion at paragraph 11, Andrews claims that Ms. Renner "...drastically departed from her original opinions and lost profit calculations." Thereafter, in paragraph 16 of its Motion, Andrews states, "Second, now that Renner has substantially revised her opinions, Andrews should be permitted to retain an expert to rebut her new opinions." PDI respectfully submits that Ms. Renner's opinions were not new; rather, they were a reflection of the then recent information provided to the parties by the U.S. Mint. Since the parties had previously agreed that they would substitute current data, Andrews should not be allowed to reopen discovery, which closed on July 5, 2003.

The parties had anticipated and agreed upon lost profit revisions. Paragraph 11 (Exhibits) of the Amended Joint Trial Memorandum states in part, "The parties agree that the actual number of red and blue inserts which have been ordered by the U.S. Mint are the best evidence, and, as such, will substitute exhibits which contain quantities that are current through the date of trial. The

parties agree that when Mssrs. Campbell and Savage testify they will introduce the most current figures through that point in time. Furthermore, PDI reserves the right to provide up to date exhibits reflecting figures in the testimony of Theresa Renner and Derek Johnson."

The parties also recognized that PDI might claim lost profits for the year 2009 as indicated in paragraph 7 (PDI's Contentions) of the Amended Joint Trial Memorandum "evidence may show that they could have been extended through the year 2009." Indeed, counsel for Andrews reiterated that point to this Court on September 1, 2004, when he stated that PDI's theory included "reasonable expectation that this business relationship would continue through 2008 to possibly 2009." September 1, 2004 transcript, page 11, line 22 through 23.[1]

At the same hearing, PDI's counsel stated to this Court "In fact, counsel have agreed that we will provide the Court and the jury with what we believe to be the most accurate and up-to-date information from the U.S. Mint." September 1, 2004 transcript, page 14, line 16 through 19. 'The need for the update is several fold, not the least of which is to determine the actual numbers, what the contract has done in terms of actual orders, what the Mint has done in terms of actual orders from the vendors." September 1, 2004 transcript, page 14 line 23 through page 15, line 2.

During discovery in this matter, the agreement between counsel was implemented. Specifically, in the summary of Ms. Renner's original report dated May 29, 2003, she said "Normand Thibaudeau provided the assumption for the number of inserts sold to the U.S. Mint, which represents the minimum amount. The minimum amounts are based on PDI's historical experience and information provided by the U.S. Mint. Bottom line damages may increase if the amount of inserts to be sold is determined to be higher." A copy is attached hereto as Exhibit 2. In the notes to her summary, specifically no. 3, Ms. Renner states "Schedules are subject to change as updated and more detailed data from the U.S. Mint becomes available." A copy is attached

---

[1] Copies of the three referenced transcript pages are attached hereto as Exhibit 1.

hereto as Exhibit 3. During her June 26, 2003 deposition, Ms. Renner reiterated the foregoing. Specifically she told counsel "... my report may change based on actual numbers that are – that may be received from the Mint." Renner Dep. page 64, line 22 through 24. A copy is attached hereto as Exhibit 4. These changes were of the nature previously contemplated and agreed upon.

On March 4, 2005, when counsel argued the Plaintiff's Motion to Bifurcate before this Court, the Court accepted as an exhibit the two page cover letter to Ms. Renner's revised schedules. A copy is attached hereto as Exhibit 5. A review of Exhibit 5 clearly demonstrates, that contrary to Andrews's insistence that Ms. Renner changed her methodology, she did not. Rather, she eliminated opinions as to lost profits for the year 2009 and incorporated the U.S. Mint's new policy that it order one color from each of the two vendors and consequently revised Schedule I and Schedule II of her report. Notably, Ms. Renner maintained the identical formula that she used to arrive at her figures contained in her May 2003 report.[2] As such, Andrews should not be allowed to characterize them as "new" opinions in order to reopen discovery.

PDI also claims that contrary to Andrews's position, it would be prejudiced if, almost two (2) years after discovery has closed, PDI has to sustain the delays and costs associated with reopening discovery. Indeed, in its Motion to Bifurcate, Andrews argued the opposite position it now adopts, specifically, paragraph 20, in part states, "...potentially save significant expenses for both parties..." Obviously, at a minimum, there is economic prejudice to reopen discovery at this late stage of the case.

In conclusion, PDI respectfully submits that Andrews's Motion for Extension of Time to Conduct Additional Discovery and to Disclose Additional Expert Witness, should be denied.

---

[2] In her October 14, 2004 revised figure, Ms. Renner noted that fewer inserts were ordered. Hence, the price of .46 per insert was used rather than .44 per insert.

3

        THE DEFENDANT
        PLASTIC DEVELOPMENT, INC.


By_____
    Neil F. Murphy, Jr., Esq., ct08381
    Murphy, Laudati & Kiel, P.C.
    270 Farmington Avenue
    The Exchange-Suite 360
    Farmington, CT  06032
    Telephone:(860) 674-8296
    Facsimile:  (860) 674-8050

## CERTIFICATION

      I hereby certify that a copy of the foregoing was via mail on March 24, 2005, to all counsel of record, as set forth below:

| | |
|---|---|
| William S. Fish, Jr., Esq.<br>Attorney Elizabeth K. Andrews<br>Matthew A. Sokol, Esq.<br>Tyler, Cooper & Alcorn, L.L.P.<br>P.O. Box 1936<br>205 Church Street<br>New Haven, CT  06509 | James R. Byrnes, Esq.<br>Tyler Cooper & Alcorn, LLP<br>185 Asylum Street<br>CityPlace – 35th Floor<br>Hartford, CT 06103-3488 |

Jeffrey L. Widman, Esq.
Shaw Gussis Fishman Glantz Wolfson & Towbin, L.L.C.
321 N. Clark Street, Ste. 800
Chicago, IL 60610


_____
Neil F. Murphy, Jr., Esq., ct08381