UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| W.E. ANDREWS CO., INC., a Georgia Corporation, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 302-CV-00599 (CFD) |
| PLASTIC DEVELOPMENT, INC., a Rhode Island Corporation, | ) ) ) ) | |
| Defendant. | ) | |

**PLAINTIFF'S REPLY IN SUPPORT OF ITS
MOTION FOR EXTENSION OF TIME TO CONDUCT ADDITIONAL
DISCOVERY AND TO DISCLOSE ADDITIONAL EXPERT WITNESS**

Plaintiff, W.E. ANDREWS CO., INC. ("Andrews"), by its attorneys, states the following as its reply in support of its motion for an extension of time to conduct additional discovery and to disclose an additional expert witness:

Despite its repeated representations both to the Court and Andrews that it was agreeable to producing its expert Theresa Renner for a second deposition, PDI now incredibly objects to that process, asseting that Andrews should not be given that opportunity because her opinions are not new and since Andrews had agreed to a revised report. This highly curious claim, which would produce great prejudice to Andrews, must be rejected.

PDI would have this Court believe that Andrews consented to allowing PDI to disclose revised expert opinions over fifteen months after discovery closed, while simultaneously waiving any opportunity to either question PDI's expert about the reasons for the revised report or respond to those new opinions with its own rebuttal expert testimony. In fact, Andrews never consented to such an absurd procedural posture. Rather, the parties merely agreed that, to the extent the U.S. Mint

A0086960.WPD

could provide updated sales figures between the time of Renner's original report and the trial, that information would be available for both parties at trial. Now, having obtained such information, PDI seeks to prevent Andrews from utilizing that information as PDI has done. Andrews never agreed that it would be foreclosed from conducting additional discovery relating to this information in the event PDI issued a new expert report after the discovery deadline.

Regardless of the dispute regarding the parties' agreement, Andrews' motion should be granted. PDI seeks to introduce new opinions in this litigation without giving Andrews an opportunity to either examine or rebut those opinions. Contrary to PDI's claims, these opinions are, in fact, new. Renner's revised opinions do not merely update sales information from the date of her original report to the supplemental report. Rather, Renner eliminates entire categories of damages - lost profits relating to blue coin holders and lost profits relating to 2009.[1] Moreover, she also corrects mistakes in her calculations relating to lost profits for years that *preceded* her original report. Thus, Renner has not simply updated her calculations; she has revised them.

As set forth in paragraphs 11 through 13 of Andrews' Motion *In Limine* To Exclude the Opinions of Theresa Renner[2], Renner conceded that, in calculating the number of red coin holders that PDI sold to the U.S. Mint in 2001, she did not consider the actual numbers that the Mint purchased that year. Rather, despite possessing this information at the time of her original report,

---

[1] In its objection, PDI further muddies the waters by implying that it still might seek damages for 2009, despite the elimination of this category of damages in the revised report. This alone provides the Court with more than sufficient basis to grant the motion so that Andrews might have the opportunity to clarify once and for all whether PDI seeks damages for that year and to rebut such opinion.

[2] This motion was filed, but withdrawn without prejudice to Andrews' ability to re-file such a motion, based on PDI's representation that it would be reducing its damage claim by millions of dollars.

Renner based her calculations on her client's inaccurate sales projections. (Renner dep. at 48, attached as Exhibit "A" to Andrews' Motion *In Limine* to Exclude the Opinions of Theresa Renner). The result is that her original opinion assumes that PDI would have sold 1,948,050 inserts to the Mint in 2001. This assumption was based on averaging the actual amounts that Defendant had sold or shipped to the Mint in 1999 and 2000 (Renner dep. at 48). However, there is no dispute that the Mint only purchased 1,714,800 inserts in 2001. Moreover, Renner conceded that at the time she rendered this opinion, she knew that her calculation was wrong because it exceeded the total number of red inserts that the Mint ordered in 2001 from all vendors by more than 200,000 pieces. (Renner dep. at 62)

After Andrews highlighted this flawed approach in its *Daubert* motion, Renner changed her methodology and revised her opinions of *past* lost profits by eliminating the estimated numbers. Her revised report also eradicates entire categories of future damages. It is patently clear that Renner has not simply updated her calculations, as PDI argues. Instead, in response to Andrews' motion, she has withdrawn the most speculative aspects of her original opinions, replacing them with more conservative calculations. Renner has indeed changed her opinions and Andrews should be permitted to rebut them with its own expert testimony.

Tellingly, PDI does not, because it cannot, identify any real prejudice that would result from the granting of this motion. Rather, it merely cites to the expense of proceeding with limited additional discovery.[3] However, this "economic prejudice" is not the design of Andrews. Had PDI not produced a supplemental report after the original trial date, Andrews would not have brought this

---

[3] This is not the opposite position that Andrews previously adopted in its motion to bifurcate, as PDI claims. Rather, this is the exact expense Andrews sought to avoid by filing its motion to bifurcate.

motion. To the extent both parties incur additional expenses, they are purely a result of PDI's decision to produce a revised expert opinion.

There is, quite simply, no prejudice that would result from the granting of this motion. A trial date has not yet been set and there is plenty of time to proceed on this limited discovery. Andrews does note, however, that the original schedule that it proposed in its motion is now untenable, given PDI's recently filed objection. Thus, Andrews proposes a schedule that is consistent with the timing set forth in its motion and respectfully suggests that it be allowed 30 days from the date the motion is granted to depose Renner, 30 days thereafter to produce a rebuttal report, and 21 days thereafter to produce its rebuttal expert for deposition.

WHEREFORE, Plaintiff respectfully requests that this Court enter an Order extending the time to conduct limited additional discovery relating to lost profits, requiring PDI to produce Theresa Renner for a continued deposition, granting Andrews leave to produce its rebuttal report on lost profits, and granting PDI leave to depose Andrews' rebuttal expert.

Respectfully submitted,

W.E. ANDREWS CO., INC.

By: _____
James R. Byrne, ct 14632
Tyler, Cooper & Alcorn, LLP
185 Asylum St.
CityPlace - 35th Floor
Hartford, CT 06103-3488
Telephone: (860) 725-6200
Facsimile: (860) 278-3802
Email: byrne@tylercooper.com

## CERTIFICATE OF SERVICE

The undersigned, an attorney, deposes and states under oath that he caused a copy of Plaintiff's Reply in Support of its Motion for Extension of Time to Conduct Additional Discovery and to Disclose Additional Expert Witness to be served upon:

Neil F. Murphy
Murphy, Laudati & Kiel, P.C.
270 Farmington Avenue
The Exchange-Suite 360
Farmington, CT 06032

by depositing the same in the U.S. Mail this 31st day of March, 2005.

James R. Byrne

A0044921.WPD 4