# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| W. E. ANDREWS CO., INC., | ) | CIVIL ACTION NO. |
| Plaintiff/Counterclaim Defendant | ) | 3:02 CV -00599 (CFD) |
| | ) | |
| v. | ) | |
| | ) | |
| PLASTIC DEVELOPMENT, INC., | ) | |
| Defendant/Counterclaim Plaintiff | ) | APRIL 11, 2005 |

### DEFENDANT'S RESPONSE TO PLAINTIFF'S REPLY IN SUPPORT OF ITS MOTION FOR EXTENSION OF TIME TO CONDUCT ADDITIONAL DISCOVERY AND TO DISCLOSE ADDITIONAL WITNESS

The Defendant, PLASTIC DEVELOPMENT, INC. ("PDI"), by its attorneys, represents as follows:

1.      The current set of pleadings originated with Andrew's Motion for Bifurcated Trial dated February 24, 2005, in which motion Andrews sought to be allowed to produce a rebuttal expert to Ms. Renner.  Specifically, in ¶21 Andrews stated "Alternatively, if the Court does not wish to bifurcate this matter, Andrews requests that it be granted leave to re-depose Renner and for an appropriate time to produce a rebuttal expert report, pending the Court's ruling on Andrews' motion *in Limine* to bar evidence of future lost profits."

2.      In its objection thereto dated March 3, 2005, PDI stated in ¶ E "In its Motion, at ¶ 21, Andrews requested, as an alternative, leave to re-depose Renner and produce a rebuttal expert. PDI has consistently advised Andrews that is has no objection to the re-convening of Ms. Renner's deposition for the limited purpose of the revisions in her report and her reasons for those revisions.  PDI objects, however, to Andrews producing a rebuttal expert at this stage of the proceedings."

3.     On March 4, 2005, this Court denied Andrews's motion to bifurcate without prejudice.  Subsequently, on March 11, 2005, Andrews pursued its quest for a late disclosure of a rebuttal expert in the instant motion.

4.     On March 24, 2005, PDI filed its objection to Andrews's motion and argued that Ms. Renner's revised numbers were anticipated by the parties.  Given this, Andrews should not be allowed should not be allowed to disclose a rebuttal expert at this late date.

5.     In its reply to PDI's objection, which reply was dated March 31, 2005, Andrews apparently misinterpreted PDI's position relative to reconvening Ms. Renner's  deposition.

6.     In the remote possibility that clarification is needed, PDI reiterates its willingness to re-convene the deposition of Ms. Renner for the limited purpose of questions directed to the revisions in her report and her reasons for those revisions, but objects to an entirely new deposition of Ms. Renner and certainly objects to Andrews disclosing a rebuttal expert to Ms. Renner at this late stage of the proceedings.


THE DEFENDANT
PLASTIC DEVELOPMENT, INC.


By_____
    Neil F. Murphy, Jr., Esq., ct08381
    Murphy, Laudati & Kiel, P.C.
    270 Farmington Avenue
    The Exchange-Suite 360
    Farmington, CT  06032
    Telephone:(860) 674-8296
    Facsimile:  (860) 674-8050

## **CERTIFICATION**

I hereby certify that a copy of the foregoing was via mail on April 11, 2005, to all counsel of record, as set forth below:

William S. Fish, Jr., Esq.                                James R. Byrnes, Esq.
Attorney Elizabeth K. Andrews                   Tyler Cooper & Alcorn, LLP
Matthew A. Sokol, Esq.                              185 Asylum Street
Tyler, Cooper & Alcorn, L.L.P.                    CityPlace – 35th Floor
P.O. Box 1936                                            Hartford, CT 06103-3488
205 Church Street
New Haven, CT  06509

Jeffrey L. Widman, Esq.
Shaw Gussis Fishman Glantz Wolfson & Towbin, L.L.C.
321 N. Clark Street, Ste. 800
Chicago, IL 60610


_____
Neil F. Murphy, Jr., Esq., ct08381